RECEIVED
NOV 2 6 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LATRINA D. THOMAS | CIVIL ACTION NO. 1:08-cv-1167 |
| -vs- | JUDGE DRELL |
| CITY OF WINNFIELD, et al. | MAGISTRATE JUDGE KIRK |

## ORDER

The Court has received the attached documents from counsel for Scott Nugent. Perusal of the documents appears to indicate that this Court can no longer proceed against Scott Nugent and all claims against him should be dismissed. However, counsel for Plaintiff is given ten days to respond, including briefing on the issue if appropriate. At the end of that period, the Court will determine whether the claims must be dismissed.

SIGNED on this 25 day of November, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

# FAIRCLOTH, MELTON & KEISER, LLC

ALEXANDRIA • BATON ROUGE

**Randall B. Keiser, R. Ph.**
*Registered Pharmacist*
*A Professional Law Corp.*
rkeiser@fairclothlaw.com

November 25, 2014

*VIA HAND DELIVERY*

Honorable Dee D. Drell
Chief Judge, United States District Court
Western District Louisiana
515 Murray Street, Room 233
Alexandria, LA  71309-1071

      Re:    **Latrina D. Thomas v. City of Winnfield, et al**
             Civil Action No. 1:08-CV-1167, USDC-WDLA, Alexandria Division
             Our File No.: 10-14-3507

Dear Judge Drell:

      The Court is presently reconsidering Scott Nugent's Motion for Summary Judgment on the issue of qualified immunity. As part of that process, the Court has recently received supplemental memoranda from both Mr. Nugent, and Ms. Thomas. Recently, we have been made aware of information which will impact the Court's need to rule on the pending qualified immunity motion.

      Unbeknownst to undersigned until a few days ago, on or about January 9, 2014, Mr. Nugent, through a separate attorney, filed a Chapter 7 bankruptcy proceeding (**Docket No. 14-80022**) in the United States Bankruptcy Court, Western District of Louisiana, Alexandria Division. Within that filing, *this lawsuit* is specifically enumerated in the "Statement of Financial Affairs", Section 4. Moreover, Ms. Lexing is listed as a creditor (pertaining to this lawsuit) on an amended Schedule F (Creditors Holding Unsecured Non-priority Claims. (*See*, **Docket 14-80022 #14.**) According to a Certificate of Service contained in the record, Ms. Lexing was served with the amended Schedule F, along with Form B91 and the Voluntary Petition of Bankruptcy, on or about May 29, 2014. (*See*, **Docket No. 14-80022 #16.**)

      Mr. Nugent, and his wife, received a discharge under Chapter 7 on July 2, 2014. (*See*, **Docket 14-80022 #18, attached.**) A final decree was entered by Judge Hunter on August 4, 2014. (*See*, **Docket 14-80022 #20, attached.**) The attorney for Plaintiffs, Carol Powell Lexing, was a creditor representative receiving notice of the bankruptcy discharge as shown on **Docket 14-80022 #18-1, attached**. Based upon our recent discovery of these developments, and as the discharge operates as an injunction against the continuation of an action to recover any debt as a personal liability of the debtor (**11 U.S.C. § 524(a)**), we anticipate filing a dispositive motion seeking to have Mr. Nugent dismissed on the basis that any obligations allegedly incurred by him as a result of this lawsuit (which remain to be determined) have been discharged by the Bankruptcy Court. As Plaintiffs received notice of the bankruptcy proceeding and filed no objection to the discharge of this potential debt, and did not appeal, we believe all claims against Mr. Nugent in the present suit are subject to dismissal based on his discharge in bankruptcy, and

Honorable Dee D. Drell
Chief Judge, United States District Court
Western District Louisiana
November 25, 2014
Page 2

that this discharge potentially moots the Court's ruling on the pending qualified immunity motion.

By copy of this correspondence, we are apprising all known counsel of record of this development. If the Court requires any additional information or briefing on this issue (outside the anticipated dispositive motion), we stand ready to assist the Court in that regard.

With best wishes for a Happy Holiday season, we remain

Very truly yours,

FAIRCLOTH, MELTON & KEISER, LLC
Attorneys at Law

BY: _____
Randall B. Keiser, PLC

RBK/le
Enclosures
cc:    Mr. Robert M. Baldwin/ Mr. J.J. Huckabay (via email)
       Mr. Michael A. Brave (via email)
       Mr. Crystal Elliers Domreis (via email)
       Mr. John J. Glas (via email)
       Ms. Faith Simmons Johnson (via email)
       Mr. John Mark Miller / Mr. Joseph B. Stamey (via email)
       Ms Carol D. Powell-Lexing (via email)
       Mr. Louis Granderson Scott (via email)
       Mr. Stephen T. Sylvester (via email)
       Mr. John Scott Thomas (via email)
       Mr. Michael A. Vatis (via email)
       Mr. Benjamin B. Watson (via email)

# United States Bankruptcy Court

Western District of Louisiana

Case No. 14-80022
Chapter 7

In re: Debtors*

| | |
|---|---|
| Scott Ashton Nugent<br>( *debtor has no known aliases* )<br>406 Pecan Drive<br>Winnfield, LA 71483 | Angel Cavazos Nugent  ( *debtor has no known aliases* )<br>406 Pecan Drive<br>Winnfield, LA 71483 |

Social Security No(s).:
xxx-xx-7616                                                                xxx-xx-9700

Employer's Tax I.D. No(s). *[if any]*:

## DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED**:

The debtors are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 7/2/14

/s/ Henley A. Hunter
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

---

*Set forth all names, including trade names, used by the debtor within the last 8 years. (Federal Rule of Bankruptcy Procedure 1005). For joint debtors, set forth the last four digits of both Social Security numbers.

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A JOINT CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtors. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the named debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtors.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtors' legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0536−1 | User: admin | Date Created: 07/02/2014 |
| Case: 14−80022 | Form ID: B18J27 | Total: 34 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of U. S. Trustee | USTPRegion05.SH.ECF@usdoj.gov |
| tr | Ted Brett Brunson | bbrunsonlaw@cp−tel.net |
| aty | C. Rodney Harrington | rodney@cp−tel.net |
| aty | Mark A. Begnaud | mbegnaud@mrbfirm.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Scott Ashton Nugent | 406 Pecan Drive    Winnfield, LA 71483 |
| jdb | Angel Cavazos Nugent | 406 Pecan Drive    Winnfield, LA 71483 |
| cr | Bank of Winnfield | Bank of Winnfield   P.O. Box 350   Winnfield, LA 71483 |
| cr | Ivan Smith Furniture Company | 1110 West 70th St.   Shreveport, LA 71106 |
| smg | State of Louisiana, Dept. of Labor | Delinquent Accounts Unit   POB 44127   Baton Rouge, LA 70804 |
| smg | Louisiana Department of Revenue and Taxation | Attn: Collection Division   P.O. Box 66658   Baton Rouge, LA 70896 |
| smg | Louisiana Department of Labor | Attn: Kathy Bookter   P.O. Box 94094   Baton Rouge, LA 70804−9094 |
| smg | Louisiana Department of Labor | Attn: Lorraine Roach   P.O. Box 94094   Baton Rouge, LA 70804−9094 |
| 6379162 | Bank Of Winnfield | Po Box 350   Winnfield, LA 71483 |
| 6429637 | Bank of Winnfield | c/o Mark A. Begnaud   PO Box 1369   Natchitoches, LA 71458−1369 |
| 6499682 | Carol Powell Lexing | 1900 Lamy Lane   STE. J   Monroe, LA 71201 |
| 6379163 | Chief Special Procedures | Internal Revenue Service   600 S. Maestri Place, Stop 31   New Orleans, LA 70119 |
| 6379164 | Cole Oil and Tire Co. | 310 Cole Rd.   Winnfield, LA 71483 |
| 6379165 | District Counsel | POB 30509   New Orleans, LA 70190 |
| 6379166 | Entergy Gsu | Po Box 6008   New Orleans, LA 70174 |
| 6379167 | Entergy La | Po Box 6008   New Orleans, LA 70174 |
| 6379168 | Focus Receivables Mana | 1130 Northchase Parkway Suite 150   Marietta, GA 30067 |
| 6379169 | Goldkey Cred | P O Box 15670   Brooksville, FL 34604 |
| 6379170 | Hy Cite/royal Prestige | 333 Holtzman Rd   Madison, WI 53713 |
| 6379171 | Internal Revenue Service | Centralized Insolvency Operation   P.O. Box 21126   Philadelphia, PA 19114−0326 |
| 6379172 | Ivan Smith Furniture | 505 W 70th Street   Shreveport, LA 71106 |
| 6379173 | La Dept. of Revenue | P.O. Box 66658   Baton Rouge, LA 70896 |
| 6379174 | Louisiana Recovery Svc | 1304 Bertrand Dr Ste F4   Lafayette, LA 70506 |
| 6379175 | Nco Fin /99 | Po Box 15636   Wilmington, DE 19850 |
| 6379176 | Pioneer Credit Company | Po Box 2775   Natchitoches, LA 71457 |
| 6379177 | Receivable Recovery Se | Po Box 7100   Metairie, LA 70010 |
| 6379178 | Stamey & Miller | POB 1288   Natchitoches, LA 71458 |
| 6379179 | U.S. Attorney | 800 Lafayette St., Ste 2200   Lafayette, LA 70501 |
| 6379180 | Winn Parish Sheriff | 119 W. Main St., Room 106   Winnfield, LA 71483 |
| 6379181 | Winn Premium | P. O. Box 549   Winnfield, LA 71483 |

TOTAL: 30

# United States Bankruptcy Court
## Western District of Louisiana

Case No.: 14-80022
Chapter: 7
Judge: Henley A. Hunter

**In Re:**

Scott Ashton Nugent
*(debtor has no known aliases)*
406 Pecan Drive
Winnfield, LA 71483

Angel Cavazos Nugent
*(debtor has no known aliases)*
406 Pecan Drive
Winnfield, LA 71483

**Social Security No.:**
xxx-xx-7616

xxx-xx-9700

**Employer's Tax I.D. No.:**

## FINAL DECREE

The court having found that the estate of the above named debtor(s) or debtor(s) in possession has been fully administered in accordance with the procedures required by Rule 5009 or Rule 3022, F.R.Bk.P.;

**IT IS ORDERED THAT** the trustee (if any) herein is hereby discharged; that unless there is a blanket bond herein, the trustee's surety is hereby discharged; that regardless of whether the trustee's bond herein is a case bond or a blanket bond, the surety is relieved of any liability for the actions or inactions of the trustee that may be incurred after the termination of its suretyship, but is not relieved of any liability for the actions or inactions of the trustee incurred during its suretyship; and that this case be and the same is hereby closed pursuant to 11 U.S.C., Section 350.

Dated: 8/4/14

/s/Henley A. Hunter
U.S. Bankruptcy Court Judge

# Notice Recipients

District/Off: 0536−1  User: sshropshi  Date Created: 8/4/2014
Case: 14−80022  Form ID: fnldecre  Total: 2

**Recipients of Notice of Electronic Filing:**
ust  Office of U. S. Trustee  USTPRegion05.SH.ECF@usdoj.gov
tr  Ted Brett Brunson  bbrunsonlaw@cp−tel.net

TOTAL: 2