UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LATRINA D. THOMAS, TUTRIX<br>on behalf of her minor child,<br>KA'DARYAN DA'SHUN THOMAS<br><br>VERSUS<br><br>CITY OF WINNFIELD, WINNFIELD<br>MAYOR DEANO THORNTON and<br>CITY COUNCIL, CHIEF JOHNNY<br>RAY CARPENTER, WINNFIELD<br>POLICE DEPARTMENT, SCOTT<br>NUGENT, ALAN MARSDIN, CARGLE<br>BRANCH, JR., RAYMOND CARPENTER,<br>Individually and in their official capacity<br>as CITY OF WINNFIELD POLICE<br>OFFICERS and TASER INTERNATIONAL, INC. | Docket No. 1:08-CV-1167<br><br><br><br><br><br>Judge Dee Drell<br><br><br><br><br><br><br><br><br>Magistrate James T. Kirk |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST GARGLE BRANCH, JR.**

MAY IT PLEASE THE COURT:

This matter arises out of a Complaint filed by Latrina D. Thomas on behalf of her minor child, Ka'Daryan DaShun Thomas, the alleged duly acknowledged son of the deceased Baron D. Pikes. Named as defendants in the Complaint are the City of Winnfield, Winnfield Mayor Deano Thorton, Winnfield City Council, Police Chief Johnny R. Carpenter, Winnfield Police Department, officers Scott Nugent, Alan Marsdin, Cargle (incorrectly named Cargyle in the Complaint) Branch Jr., Raymond Carpenter and Taser International, Inc. Plaintiff seeks relief

from defendants based on allegations of Constitutional violations, 42 USC 1983 claims, State law tort claims and product liability relating to the death of Baron D. Pikes subsequent to his arrest on January 17, 2008. The Defendants have denied all liability.

On March 31, 2009, Defendant, Cargle Branch, Jr., file a Chapter 13 Voluntary Petition with the Bankruptcy Court for the Western District of Louisiana at case number 09-80385, seeking protection under Chapter 13 of the Bankruptcy Code. Also on that date, a Chapter 13 Plan was filed with the Bankruptcy Court setting forth the planned restructuring of Mr. Branch's debt and a Chapter 13 Plan Summary Notice, which was served on plaintiff's counsel. Please see the documents attached to Mr. Branch's Motion to Stay [Doc. 79] Also filed on that date was a Motion to Extend Automatic Stay pursuant to the abandonment of an earlier filed bankruptcy due to health reasons. The Bankruptcy Court issued an Order on April 23, 2009 granting the Motion for Extension of the Automatic Stay. On April 14, 2009, a Confirmation Hearing for the Chapter 13 Plan was held and on May 7, 2009, a meeting of creditors was held. After objections to the Chapter 13 Plan were submitted, the Honorable Henley A. Hunter executed an Agreement Between the Parties to Modify Chapter 13 Plan. Thereafter, on June 12, 2009 the Honorable Hunter approved of the plan and issued an Order recognizing the same. Counsel for plaintiff was served notice with all applicable documents.

After learning of and confirming the bankruptcy proceeding, counsel for Movant was advised by counsel for plaintiff that it was her understanding that something had been filed to allow plaintiff to proceed despite the bankruptcy proceedings and automatic stay. After reviewing the bankruptcy records on PACER and found no such filings. After discussing this matter with plaintiff's counsel once again, discovery was sent to plaintiff inquiring about the same. Plaintiff indicated in her Answer to Defendant's Interrogatories and Request for

Production of Documents that she currently has no such documents.

As shown above, Mr. Branch's Motion to Stay [Doc. 79] the instant proceedings pursuant to the automatic stay provided by 11 USC 362(a)(1) was filed on February 12, 2010. This Court issued an Order [Doc.80] staying this matter on February 17, 2010. A Motion to Lift Stay (as to all non-debtor parties) [Doc. 81] was filed by Taser International, Inc., also on February 17, 2010. This Court issued an Order lifting the stay [Doc. 90] this matter on February 26, 2010.

On March 3, 2010, this Court issued an Order [Doc. 96] revoking the Order to Lift the Stay, stating that the parties must seek relief from the automatic stay from the Bankruptcy Court. On March 4, 2010, Taser International, Inc., submitted a Motion for Relief from Stay [Doc. 28 – 09-80385] with the Bankruptcy Court. The Bankruptcy Court issued an Order [Doc. 32 – 09-80385] granting the relief from the stay on March 15, 2010.

Thereafter, on March 15, 2010, Taser International, Inc., submitted with this Court its ex parte Motion to Lift Stay (as to all non-debtor parties) [Doc. 97]. This Court granted the motion by issuing its Order [Doc. 98] on March 16, 2010. At no time since the bankruptcy proceedings began for Mr. Branch did Plaintiff submit anything with the Bankruptcy Court to preserve the claims alleged in this action. In fact, a PACER search of the bankruptcy proceedings on the below date confirms that Plaintiff never filed anything in the bankruptcy proceedings even though Plaintiff, through her attorney was listed as a creditor and served with the Notice. Please see the service information attached to the Motion for Stay [Doc. 79] as Exhibits "A" and "B".

Attached hereto, and in support hereof, please find the bankruptcy court Discharge of Debtor after Completion of Chapter 13 Plan and Final Decree for Movant, Cargle Branch, Jr., as Exhibit "B".

At no time did Plaintiff in this action file a proof of claim in compliance with the Federal

Rules of Bankruptcy Procedure Article 3002, which provides:

> Rule 3002. Filing Proof of Claim or Interest
> (a) Necessity for filing
>
> An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
>
> (b) Place of filing
>
> A proof of claim or interest shall be filed in accordance with Rule 5005.
>
> (c) Time for filing
>
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
>
>> (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.
>>
>> (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
>>
>> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
>>
>> (4) A claim arising from the rejection of an executory contract or

unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

As shown above, Plaintiff never filed a proof of claim with the Bankruptcy Court and her claims against Gargle Branch, Jr. have been discharged.

WHEREFORE, Movant, Cargle Branch, Jr. prays that due to the foregoing reasons and after due consideration, that this motion be granted, and that this Honorable Court issue an Order dismissing all claims against Cargle Branch, Jr.

Respectfully Submitted by:

s/Robert Baldwin
HUDSON, POTTS & BERNSTEIN, L.L.P.
Robert M. Baldwin (#1224), Lead attorney
Johnny R. Huckabay, II (#28936)
P.O. Drawer 3008
Monroe, La 71201
Phone: (318) 388-4400
Fax:   (318) 322-4194
Attorneys for Defendant: Cargle Branch, Jr.

## CERTIFICATE OF SERVICE

I, Robert M. Baldwin, do hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the CM/ECF system:

This 20th day of January, 2015.

s/Robert Baldwin
ROBERT M. BALDWIN
