RECEIVED

NOV 2 6 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LATRINA D. THOMAS                    CIVIL ACTION NO. 1:08-cv-1167

-vs-                                             JUDGE DRELL

CITY OF WINNFIELD, et al.            MAGISTRATE JUDGE KIRK

## ORDER

The Court has received the attached documents from counsel for Scott Nugent. Perusal of the documents appears to indicate that this Court can no longer proceed against Scott Nugent and all claims against him should be dismissed. However, counsel for Plaintiff is given ten days to respond, including briefing on the issue if appropriate. At the end of that period, the Court will determine whether the claims must be dismissed.

SIGNED on this 25 day of November, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

EXHIBIT
8

# FAIRCLOTH, MELTON & KEISER, LLC

ALEXANDRIA ● BATON ROUGE

**Randall B. Keiser, R. Ph.**
*Registered Pharmacist*
*A Professional Law Corp.*
rkeiser@fairclothlaw.com

November 25, 2014

*VIA HAND DELIVERY*

Honorable Dee D. Drell
Chief Judge, United States District Court
Western District Louisiana
515 Murray Street, Room 233
Alexandria, LA  71309-1071

> Re:   **Latrina D. Thomas v. City of Winnfield, et al**
>        **Civil Action No. 1:08-CV-1167, USDC-WDLA, Alexandria Division**
>        **Our File No.: 10-14-3507**

Dear Judge Drell:

The Court is presently reconsidering Scott Nugent's Motion for Summary Judgment on the issue of qualified immunity. As part of that process, the Court has recently received supplemental memoranda from both Mr. Nugent, and Ms. Thomas. Recently, we have been made aware of information which will impact the Court's need to rule on the pending qualified immunity motion.

Unbeknownst to undersigned until a few days ago, on or about January 9, 2014, Mr. Nugent, through a separate attorney, filed a Chapter 7 bankruptcy proceeding **(Docket No. 14-80022)** in the United States Bankruptcy Court, Western District of Louisiana, Alexandria Division. Within that filing, *this lawsuit* is specifically enumerated in the "Statement of Financial Affairs", Section 4. Moreover, Ms. Lexing is listed as a creditor (pertaining to this lawsuit) on an amended Schedule F (Creditors Holding Unsecured Non-priority Claims. (*See,* **Docket 14-80022 #14.**) According to a Certificate of Service contained in the record, Ms. Lexing was served with the amended Schedule F, along with Form B91 and the Voluntary Petition of Bankruptcy, on or about May 29, 2014. (*See,* **Docket No. 14-80022 #16.**)

Mr. Nugent, and his wife, received a discharge under Chapter 7 on July 2, 2014. (*See,* **Docket 14-80022 #18, attached.**) A final decree was entered by Judge Hunter on August 4, 2014. (*See,* **Docket 14-80022 #20, attached.**) The attorney for Plaintiffs, Carol Powell Lexing, was a creditor representative receiving notice of the bankruptcy discharge as shown on **Docket 14-80022 #18-1, attached**. Based upon our recent discovery of these developments, and as the discharge operates as an injunction against the continuation of an action to recover any debt as a personal liability of the debtor **(11 U.S.C. § 524(a))**, we anticipate filing a dispositive motion seeking to have Mr. Nugent dismissed on the basis that any obligations allegedly incurred by him as a result of this lawsuit (which remain to be determined) have been discharged by the Bankruptcy Court. As Plaintiffs received notice of the bankruptcy proceeding and filed no objection to the discharge of this potential debt, and did not appeal, we believe all claims against Mr. Nugent in the present suit are subject to dismissal based on his discharge in bankruptcy, and

Honorable Dee D. Drell
Chief Judge, United States District Court
Western District Louisiana
November 25, 2014
Page 2

that this discharge potentially moots the Court's ruling on the pending qualified immunity motion.

By copy of this correspondence, we are apprising all known counsel of record of this development. If the Court requires any additional information or briefing on this issue (outside the anticipated dispositive motion), we stand ready to assist the Court in that regard.

With best wishes for a Happy Holiday season, we remain

Very truly yours,

FAIRCLOTH, MELTON & KEISER, LLC
Attorneys at Law

BY:

Randall B. Keiser, PLC

RBK/le
Enclosures
cc:   Mr. Robert M. Baldwin/ Mr. J.J. Huckabay (via email)
      Mr. Michael A. Brave (via email)
      Mr. Crystal Elliers Domreis (via email)
      Mr. John J. Glas (via email)
      Ms. Faith Simmons Johnson (via email)
      Mr. John Mark Miller / Mr. Joseph B. Stamey (via email)
      Ms Carol D. Powell-Lexing (via email)
      Mr. Louis Granderson Scott (via email)
      Mr. Stephen T. Sylvester (via email)
      Mr. John Scott Thomas (via email)
      Mr. Michael A. Vatis (via email)
      Mr. Benjamin B. Watson (via email)

B18J (Official Form 18J) (08/07)

# United States Bankruptcy Court

Western District of Louisiana

### Case No. 14-80022
Chapter 7

In re: Debtors*

Scott Ashton Nugent
( *debtor has no known aliases* )
406 Pecan Drive
Winnfield, LA 71483

Angel Cavazos Nugent ( *debtor has no known aliases* )
406 Pecan Drive
Winnfield, LA 71483

Social Security No(s).:
xxx–xx–7616

xxx–xx–9700

Employer's Tax I.D. No(s). *[if any]*:

## DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtors are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 7/2/14

/s/ Henley A. Hunter
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

*Set forth all names, including trade names, used by the debtor within the last 8 years. (Federal Rule of Bankruptcy Procedure 1005). For joint debtors, set forth the last four digits of both Social Security numbers.*

14-80022 - #18 File 07/02/14 Enter 07/02/14 03:46:37 Discharge Ch7 or 11 Both Debto Pg 1 of 2

Official Form 18J Continued (08/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A JOINT CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtors. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the named debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. A creditor who violates this order can be required to pay damages and attorney's fees to the debtors.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtors' legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

## Notice Recipients

| District/Off: 0536−1 | User: admin | Date Created: 07/02/2014 |
|---|---|---|
| Case: 14−80022 | Form ID: B18J27 | Total: 34 |

**Recipients of Notice of Electronic Filing:**

| ust | Office of U. S. Trustee | USTPRegion05.SH.ECF@usdoj.gov |
|---|---|---|
| tr | Ted Brett Brunson | bbrunsonlaw@cp−tel.net |
| aty | C. Rodney Harrington | rodney@cp−tel.net |
| aty | Mark A. Begnaud | mbegnaud@mrbfirm.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| db | Scott Ashton Nugent | 406 Pecan Drive | Winnfield, LA 71483 | |
|---|---|---|---|---|
| jdb | Angel Cavazos Nugent | 406 Pecan Drive | Winnfield, LA 71483 | |
| cr | Bank of Winnfield | Bank of Winnfield | P.O. Box 350 | Winnfield, LA 71483 |
| cr | Ivan Smith Furniture Company | 1110 West 70th St. | Shreveport, LA 71106 | |
| smg | State of Louisiana, Dept. of Labor | Delinquent Accounts Unit | POB 44127 | Baton Rouge, LA 70804 |
| smg | Louisiana Department of | Revenue and Taxation | Attn: Collection Division | P.O. Box 66658   Baton Rouge, LA 70896 |
| smg | Louisiana Department of Labor | Attn: Kathy Bookter | P.O. Box 94094 | Baton Rouge, LA 70804−9094 |
| smg | Louisiana Department of Labor | Attn: Lorraine Roach | P.O. Box 94094 | Baton Rouge, LA 70804−9094 |
| 6379162 | Bank Of Winnfield | Po Box 350 | Winnfield, LA 71483 | |
| 6429637 | Bank of Winnfield | c/o Mark A. Begnaud | PO Box 1369 | Natchitoches, LA 71458−1369 |
| 6499682 | Carol Powell Lexing | 1900 Lamy Lane | STE. J | Monroe, LA 71201 |
| 6379163 | Chief Special Procedures | Internal Revenue Service | 600 S. Maestri Place, Stop 31 | New Orleans, LA 70119 |
| 6379164 | Cole Oil and Tire Co. | 310 Cole Rd. | Winnfield, LA 71483 | |
| 6379165 | District Counsel | POB 30509 | New Orleans, LA 70190 | |
| 6379166 | Entergy Gsu | Po Box 6008 | New Orleans, LA 70174 | |
| 6379167 | Entergy La | Po Box 6008 | New Orleans, LA 70174 | |
| 6379168 | Focus Receivables Mana | 1130 Northchase Parkway Suite 150 | Marietta, GA 30067 | |
| 6379169 | Goldkey Cred | P O Box 15670 | Brooksville, FL 34604 | |
| 6379170 | Hy Cite/royal Prestige | 333 Holtzman Rd | Madison, WI 53713 | |
| 6379171 | Internal Revenue Service | Centralized Insolvency Operation | P.O. Box 21126 | Philadelphia, PA 19114−0326 |
| 6379172 | Ivan Smith Furniture | 505 W 70th Street | Shreveport, LA 71106 | |
| 6379173 | La Dept. of Revenue | P.O. Box 66658 | Baton Rouge, LA 70896 | |
| 6379174 | Louisiana Recovery Svc | 1304 Bertrand Dr Ste F4 | Lafayette, LA 70506 | |
| 6379175 | Neo Fin /99 | Po Box 15636 | Wilmington, DE 19850 | |
| 6379176 | Pioneer Credit Company | Po Box 2775 | Natchitoches, LA 71457 | |
| 6379177 | Receivable Recovery Se | Po Box 7100 | Metairie, LA 70010 | |
| 6379178 | Stamey & Miller | POB 1288 | Natchitoches, LA 71458 | |
| 6379179 | U.S. Attorney | 800 Lafayette St., Ste 2200 | Lafayette, LA 70501 | |
| 6379180 | Winn Parish Sheriff | 119 W. Main St., Room 106 | Winnfield, LA 71483 | |
| 6379181 | Winn Premium | P. O. Box 549 | Winnfield, LA 71483 | |

TOTAL: 30

Form fmldecree

# United States Bankruptcy Court
## Western District of Louisiana

Case No.:  14−80022
Chapter:  7
Judge:  Henley A. Hunter

In Re:

Scott Ashton Nugent
(debtor has no known aliases)
406 Pecan Drive
Winnfield, LA 71483

Angel Cavazos Nugent
(debtor has no known aliases)
406 Pecan Drive
Winnfield, LA 71483

Social Security No.:
xxx−xx−7616

xxx−xx−9700

Employer's Tax I.D. No.:

## FINAL DECREE

The court having found that the estate of the above named debtor(s) or debtor(s) in possession has been fully administered in accordance with the procedures required by Rule 5009 or Rule 3022, F.R.Bk.P.;

**IT IS ORDERED THAT** the trustee (if any) herein is hereby discharged; that unless there is a blanket bond herein, the trustee's surety is hereby discharged; that regardless of whether the trustee's bond herein is a case bond or a blanket bond, the surety is relieved of any liability for the actions or inactions of the trustee that may be incurred after the termination of its suretyship, but is not relieved of any liability for the actions or inactions of the trustee incurred during its suretyship; and that this case be and the same is hereby closed pursuant to 11 U.S.C., Section 350.

Dated: 8/4/14

/s/Henley A. Hunter
U.S. Bankruptcy Court Judge

## Notice Recipients

| District/Off: 0536–1 | User: sshropshi | Date Created: 8/4/2014 |
| Case: 14–80022 | Form ID: fnldecre | Total: 2 |

**Recipients of Notice of Electronic Filing:**

| ust | Office of U. S. Trustee | USTPRegion05.SH.ECF@usdoj.gov |
| tr | Ted Brett Brunson | bbrunsonlaw@cp–tel.net |

TOTAL: 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LATRINA D. THOMAS, *et al.* | CIVIL DOCKET NO. 1:08-CV-01167 |
| VS. | DISTRICT JUDGE DEE DRELL |
| CITY OF WINNFIELD, *et al.* | MAGISTRATE JAMES T. KIRK |

### AFFIDAVIT OF CURTIS RODNEY HARRINGTON

STATE OF LOUISIANA

PARISH OF NATCHITOCHES

Before me, the undersigned authority, Notary Public in and for the State and Parish aforesaid, personally came and appeared, **CURTIS RODNEY HARRINGTON**, who being of the full age and majority, and fully competent to make this affidavit, did depose and state:

1.   That he is an attorney, duly licensed in the State of Louisiana;

2.   That he represented Scott Nugent and Angel Nugent in a Chapter 7 bankruptcy in the Western District of Louisiana, Alexandria Division, Docket Number 14:80022;

3.   That on May 29, 2014, he filed an amended "Schedule F – Creditors Holding Unsecured Nonpriority Claims" in the above referenced bankruptcy proceeding (attached as Exhibit "1" to this affidavit), listing among others,Ms. Carol Powell Lexing and her address as 1900 Lamy Lane, STE. J, Monroe, LA 71201;

4.   That he listed in the May 29, 2014 amended "Schedule F"listed the currently pending case,*Latrina D. Thomas, et al vs. City of Winnfield,* et al as a community



Case 1:08-cv-01167-DDD-JDK   Document 320-2   Filed 02/13/15   Page 10 of 33 PageID #:
6165
Case 1:08-cv-01167-DDD-JDK   Document 308-2   Filed 12/30/14   Page 2 of 18 PageID #:
6044

debt for "DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE" (Exhibit 1).

5.      That he served the May 29, 2014 amended Schedule F, along with a copy of Form B91 and the original Voluntary Petition of Scott Nugent on Plaintiff, through her attorney Ms. Lexing, via U.S. Mail;

6.      That he has searched his files, and has received no notice of return, failure of delivery, or any other indication that the amended "Schedule F" was not served on Ms. Lexing;

7.      Similarly, that he has not received any notice of return, failure of delivery, or any other indication that the July 2, 2014 Discharge of Debtor, certified by the Bankruptcy Court as having been served on Ms. Lexing, was returned as undeliverable or otherwise was not served on Ms. Lexing;

8.      That, to date, he has not received any contact from Carol Powell Lexing or any attorney purporting to represent Latrina Thomas about Scott Nugent's bankruptcy proceeding;

9.      That he represented Cargle Branch, Jr. (also a defendant in *Thomas*) and Barbara Jo Branch in a Chapter 13 bankruptcy in the Western District of Louisiana, Alexandria, Division, Docket Number 09:80385.

10.     That similar to his listing of Latrina Thomas, through her attorney Ms. Lexing, as a creditor in Scott Nugent's bankruptcy proceedings, he listed Latrina Thomas, through her attorney Ms. Lexing, as a creditor in the Schedule F to Cargle Branch, Jr.'s bankruptcy petition (attached as Exhibit "2" to this affidavit);

Case 1:08-cv-01167-DDD-JDK   Document 320-2   Filed 02/13/15   Page 11 of 33 PageID #:
6166
Case 1:08-cv-01167-DDD-JDK   Document 308-2   Filed 12/30/14   Page 3 of 18 PageID #:
6045

11.     That he submitted Plaintiff, through her attorney, Ms. Lexing, to the Bankruptcy Noticing Center to receive notice of Cargle Branch's pending bankruptcy proceeding (Exhibit 2);

12.     That as with Scott Nugent's Chapter 7 bankruptcy proceeding, Ms. Lexing filed no claim, objection, or any other pleading in the Cargle Branch bankruptcy proceeding opposing a stay of her claims against Cargle Branch in *Latrina Thomas*.

Sworn to and subscribed before me, Notary Public, on the 23 day of December, 2014, in Natchitoches, Natchitoches Parish, Louisiana.

WITNESSES:                              AFFIANT:

_____                _____
Signature                               CURTIS RODNEY HARRINGTON
Print Name: Jamie Brister

_____
Signature
Print Name: Melanie McGill

                    _____
                         NOTARY PUBLIC

            Print Name: C. Edward Hary Jr.

            Bar Roll or Notary ID Number: 33572

            My Commission expires: At Death

Case 1:08-cv-01167-DDD-JDK   Document 320-2   Filed 02/13/15   Page 12 of 33 PageID #:
6167
Case 1:08-cv-01167-DDD-JDK   Document 308-2   Filed 12/30/14   Page 4 of 18 PageID #:
Case 1:08-cv-01167-DDD-JDK   Document 301-2   Filed 12/05/14   Page 1 of 3 PageID #: 5988
6046

B6F (Official Form 6F) (12/07)

In re   Scott Ashton Nugent,                                    Case No.  14-80022
        Angel Cavazos Nugent,
                                              Debtors

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include children listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>Carol D. Powell Lexing<br>1900 Lamy Lane<br>STE. J<br>Monroe, LA 71201 | | C | Latrina D. Thomas, Tutix on behalf of her minor child, Ka'Daryan Da'Shun Thomas (Plantiff) vs. City of Winnfield, Et al( to include Scott Ashton Nugent) | | | | Unknown |
| Account No. Docket No. 43507 <br><br>Cole Oil and Tire Co.<br>310 Cole Rd.<br>Winnfield, LA 71483 | | C | Open Account | | | | 6,370.00 |
| Account No. 97244701 <br><br>Entergy Gsu<br>Po Box 6008<br>New Orleans, LA 70174 | | H | Opened 1/01/12 Last Active 5/29/12<br>Agriculture | | | | 566.00 |
| Account No. 70831599 <br><br>Entergy La<br>Po Box 6008<br>New Orleans, LA 70174 | | W | Opened 6/04/10 Last Active 6/03/10<br>Agriculture | | | | 309.00 |

  2   continuation sheets attached

Subtotal
(Total of this page)

EXHIBIT
1

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Western District of Louisiana, Alexandria Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Branch, Cargle Jr.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Branch, Barbara Jo** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-2168** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-8894** |
| Street Address of Debtor (No. and Street, City, and State):<br>**1900 Maple St.**<br>**Winnfield, LA**<br>ZIP Code **71483** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**1900 Maple St.**<br>**Winnfield, LA**<br>ZIP Code **71483** |
| County of Residence or of the Principal Place of Business:<br>**Winn** | County of Residence or of the Principal Place of Business:<br>**Winn** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☒ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☒ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

EXHIBIT 2

Case 1:08-cv-01167-DDD-JDK   Document 320-2   Filed 02/13/15   Page 14 of 33 PageID #:
6169
Case 1:08-cv-01167-DDD-JDK   Document 308-2   Filed 12/30/14   Page 6 of 18 PageID #:
6048

B1 (Official Form 1)(1/08)                                                                                                      Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Branch, Cargle Jr. Branch, Barbara Jo |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **Western District of Louisiana, Alexandria Division** | Case Number: **05-82658** | Date Filed: **10/14/05** |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td><td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  /s/ C. Rodney Harrington          March 31, 2009<br>Signature of Attorney for Debtor(s)          (Date)<br>C. Rodney Harrington 06597</td></tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | Branch, Cargle Jr.<br>Branch, Barbara Jo |

Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __/s/ Cargle Branch, Jr.__
Signature of Debtor  Cargle Branch, Jr.

X __/s/ Barbara Jo Branch__
Signature of Joint Debtor Barbara Jo Branch

_____
Telephone Number (If not represented by attorney)

__March 31, 2009__
Date

### Signature of Attorney*

X __/s/ C. Rodney Harrington__
Signature of Attorney for Debtor(s)

 C. Rodney Harrington 06597
Printed Name of Attorney for Debtor(s)

 C. Rodney Harrington, Attorney at Law
Firm Name
459 Jefferson St.
POB 1278
Natchitoches, LA 71457
_____
Address

 (318) 352-5900
Telephone Number

 March 31, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D(Official Form 1, Exhibit D) (12/08)

## United States Bankruptcy Court
### Western District of Louisiana, Alexandria Division

In re   Cargle Branch, Jr.
        Barbara Jo Branch _____   Case No. _____
                                    Debtor(s)          Chapter      13   _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Cargle Branch, Jr.
                        Cargle Branch, Jr.

Date:   March 31, 2009

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B 1D(Official Form 1, Exhibit D) (12/08)

# United States Bankruptcy Court
### Western District of Louisiana, Alexandria Division

In re    Cargle Branch, Jr.
       Barbara Jo Branch                             Case No. _____

                                    Debtor(s)          Chapter    13

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Barbara Jo Branch
                        Barbara Jo Branch

Date:   March 31, 2009

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

## United States Bankruptcy Court
### Western District of Louisiana, Alexandria Division

In re    Cargle Branch, Jr.,                                    Case No. _____
         Barbara Jo Branch
                                              Debtors           Chapter _____ 13 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 30,000.00 | | |
| B - Personal Property | Yes | 3 | 4,085.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 16,877.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 128,536.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,471.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,871.00 |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 34,085.00 | | |
| Total Liabilities | | | | 145,413.00 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Western District of Louisiana, Alexandria Division

In re    Cargle Branch, Jr.,
       Barbara Jo Branch                  Case No. _____

                                  Debtors           Chapter _____ 13 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,471.00 |
| Average Expenses (from Schedule J, Line 18) | 2,871.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,403.38 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 128,536.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 128,536.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    Cargle Branch, Jr.,                                      Case No. _____
         Barbara Jo Branch
_____
                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.  c/o Carol D. Powell Lexing Attorney 141 Desaird St. Suite 806 Monroe, LA 71201 | C | | | Latrina D. Thomas, Tutrix on behalf of her minor child,Ka'Daryan Da'Shun Thomas(Plaintiff) VS City of Winnfield, et al (to include Cargle Branch Jr) | | | X | Unknown |
| Account No. 2340.12  Courtsey Loan 105 East Main St. Winnfield, LA 71483 | C | | | Deliquent Loan | | | | 810.00 |
| Account No. 1399195  Credit Bureau Services Po Box 1808 Alexandria, LA 71309 | | H | | Opened  3/01/07 CollectionAttorney Rapides Regional Medical Cente | | | | 83,296.00 |
| Account No. 36380314  Credit Management 4200 International Pwy Carrolton, TX 75007 | C | | | Opened  3/01/08 CollectionAttorney Suddenlink - Winnfield  La | | | | 80.00 |
| Account No. CSD07085185001003059  Csd Collections 9544 Fenway Ave Baton Rouge, LA 70809 | | H | | Opened  3/01/07 CollectionAttorney Schumacher Grp Winn Parish | | | | 650.00 |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                     84,836.00

Account Control Bureau
6007 Financial Plz Ste 2
Shreveport, LA 71129


At&tconsvc
Po Box 80701
Charleston, SC 29416


Bank of Winnfield
POB 350
Winnfield, LA 71483


Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344


c/o Carol D. Powell Lexing
Attorney
141 Desaird St. Suite 806
Monroe, LA 71201


Chief Special Procedures
Internal Revenue Service
600 S. Maestri Place, Stop 31
New Orleans, LA 70119


Citi Mortgage Inc
P.O. Box 79022, Ms 322
Saint Louis, MO 63179


Courtsey Loan
105 East Main St.
Winnfield, LA 71483


Credit Bureau Services
Po Box 1808
Alexandria, LA 71309

Credit Management
4200 International Pwy
Carrolton, TX 75007


Csd Collections
9544 Fenway Ave
Baton Rouge, LA 70809


District Counsel
POB 30509
New Orleans, LA 70190


Dr. Maan Younez
3311 Prescott
Ste. 318
Alexandria, LA 71301


E.A. Uffman & Associates (EMBCC)
P.O. Box 64828
Baton Rouge, LA 70896


General Collections &
3720 Macarthur
Alexandria, LA 71302


La CVT Institute
3311 Prescott
Ste. 202
Alexandria, LA 71301


La Dept. of Revenue
P.O. Box 66658
Baton Rouge, LA 70896


Laurence A. Heckler
650 College Road East
Suite 1800
Re. Providian
Princeton, NJ 08540

Louisiana Recovery Svc
1304 Bertrand Dr
Lafayette, LA 70506


LTD Financial Services
7322 Southwest Freeway
Suite 1600
Houston, TX 77074


MedExpress Ambulance
P. O. Box 6063
Alexandria, LA 71307


Professional Anesthesia
211 4th Street
P. O. Box 30135
Alexandria, LA 71301


Sca Collections Inc
Po Box 876
Greenville, NC 27835


Strn Cr Rec
Po Bx 8710
Metairie, LA 70011


U.S. Attorney
800 Lafayette St., Ste 2200
Lafayette, LA 70501


Winn Parish Medical Center
POB 152
Winnfield, LA 71483


Winn Parish Sheriff
119 W. Main St., Room 106
Winnfield, LA 71483

## United States Bankruptcy Court
### Western District of Louisiana, Alexandria Division

In re  Cargle Branch, Jr.
     Barbara Jo Branch

                  Debtor(s)

Case No. _____

Chapter   13

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  March 31, 2009          /s/ Cargle Branch, Jr.
                                     Cargle Branch, Jr.
                                     Signature of Debtor

Date:  March 31, 2009          /s/ Barbara Jo Branch
                                     Barbara Jo Branch
                                     Signature of Debtor

## UNITED STATES BANKRUPTCY COURT
### OFFICE OF THE CLERK
### WESTERN DISTRICT OF LOUISIANA

EDWARD A. TAKARA
CLERK

U.S. COURTHOUSE, SUITE 2201
300 FANNIN STREET
SHREVEPORT, LA 71101

TEL. 318-676-4267

December 11, 2014

Mr. Matthew Nowlin
Attorney at Law
105 Yorktown Drive
Alexandria, LA  71303

Re:   14BK-80022 Nugent

Dear Mr. Nowlin,

Per your request, the Clerk's office performed a search in the above referenced bankruptcy case for returned mail addressed to the creditor, Carol Powell Lexing at 1900 Lamy Lane, STE. J, Monroe, LA 71201.  No results were found.

All noticing is performed by the United States Bankruptcy Court Bankruptcy Noticing Center (BNC).  Mail that is returned as undeliverable is reported to the debtor's attorney via electronic notification.  The court's CM/ECF Analyst searched the BNC's returned mail report for the time frame July 1, 2014 through December 8, 2014 on the above referenced bankruptcy case number, and no results were found.  In addition, the specific creditor's name was searched, and no results were found.  There is no indication that any mail for the creditor, Carol Powell Lexing, was returned or bypassed due to any address discrepancy by the BNC.

Please do not hesitate to contact me if I may be of further assistance.

Best Regards,

Tommie Slatten
Case Management Supervisor



## CHRONOLOGY OF EVENTS

Jan. 9, 2014          Scott Nugent files Chapter 7 Bankruptcy Petition (**Bank. Docket No. 14-80022**)
                    –   Lists <u>Thomas v. Nugent</u> on page 28 of petition under "Suits and administrative proceedings, executions, garnishments and attachments" (**Doc. No. 301-1, PageID# 5960**)

Feb. 25, 2014         Notice of Commencement of Case Under Chapter 7 of Bankruptcy Code, Meeting of Creditors, & Fixing of Dates (**Doc. No. 301-2, PageID# 5984**)
                    –   Sets Creditors' Meeting at April 29, 2014 at 10:00 am Per Bank. R. 4004 and 4007, "Bar Date" set for 6/29/2014
                    –   Sets Discharge Issuance date of July 2, 2014

April 29, 2014        Creditors meeting held

May 29, 2014          Scott Nugent files Amended "Schedule F"
                    –   Again, names <u>Thomas v. Nugent</u>, adds Carol Lexing and her then-current address (1900 Lamy Lane, Suite J) (**Doc. No. 301-3, PageID# 5988**)
                    –   Signed Certificate of Service of Amended Schedule F, Form B91, and Voluntary Petition on Carol Powell Lexing at then-current address (**Doc. No. 301-5, PageID#5993**)

June 23, 2014         Carol Lexing moves her office from 1900 Lamy Lane
                    –   "Declaration of Carol D. Powell Lexing" (**Doc. No. 301-4, PageID# 5991**)

June 29, 2014         "Bar Date" set by Feb. 25, 2014 Notice

July 2, 2014          Notice of Discharge sent by Bankruptcy Court (**Doc. No. 301-9, PageID# 6004**)
                    –   Carol Lexing listed in Certificate of Notice as a "Recipient submitted to Bankruptcy Noticing Center" (**Doc. No. 301-6; Doc. No. 301-9, PageID#6006**)

August 4, 2014        Final Decree by Bank. Ct.; Order of Closure of Case (**Doc. No. 301-7, PageID# 5997**)

November 25, 2014     Our letter to Court advising of bankruptcy discharge of Scott Nugent, Court's Order setting Rule to Show Cause (**Doc. No. 300**)



## CHRONOLOGY OF EVENTS

Dec. 23, 2014          Affidavit of C. Rodney Harrington (Nugent's bankruptcy attorney) (**Doc. No. 308-2, PageID# 6043**)
–          Affirming service made on Plaintiff through her attorney, Carol Lexing
–          Neither the amended Schedule F, nor the July 2, 2014 Notice of Discharge was returned as undelivered

Dec. 11, 2014          Letter from Dec. Bankruptcy Clerk
–          All noticing is performed by the U.S. Bankruptcy Court Noticing Center
–          Mail returned as undeliverable is reported to debtor's attorney via electronic notification.
–          Searched for returned mail from July 1, 2014 through December 8, 2014, no indication that mail to Carol Lexing was returned as undeliverable.

# FAIRCLOTH, MELTON & KEISER, LLC

*ATTORNEYS*

ALEXANDRIA • BATON ROUGE

Matthew L. Nowlin
mnowlin@fairclothlaw.com

December 18, 2014

*Via U.S. Mail Certified*

Ms. Carol D. Powell Lexing
Law Office of Carol D. Powell Lexing & Associates, PLC
1900 Lamy Lane, Suite J
Monroe, LA 71201

RE:     **Latrina D. Thomas vs. City of Winnfield, et al.**
        **Case No. 1:08-CV-01167; U.S. District Court, Western District of LA**
        **Our File No. 3507**

Dear Carol:

This is a courtesy letter to inform you that your former office address of 1900 Lamy Lane, Suit J, Monroe, LA 71201, which by your own declaration attached to your *Memorandum of Law in Opposition to Dismissal of Claims Due to Defendant Scott Nugent's Bankruptcy*, filed on December 5, 2014, was your current office address at the time Scott Nugent served you via U.S. Mail with his amended Schedule F and a copy of his Form B91 and Voluntary Bankruptcy Petition, is still listed as your current address for the referenced case in the Western District's CM/ECF system (see enclosed Docket Report). You may want to consider updating your listed address to avoid any similar events of missing correspondence or service.

On the off-chance that you have left a forwarding order on your former address (a prudent choice, to be sure), I've decided to see if a letter addressed to your former office address would be delivered to your current office. Please let me know if you get this letter.

With kindest regards,

Very truly yours,

**FAIRCLOTH, MELTON & KEISER, LLC**

By: _____
        Matthew L. Nowlin

105 Yorktown Drive • Alexandria, LA 71303 • Pho~~~~~~~~9-7744




Case 1:08-cv-01167-DDD-JDK Document 320-2 Filed 12/02/13/15 Page 2 of 31 PageID #: 6072
6186
Case: 1:08-cv-01167-DDD-JDK   As of: 12/10/2014 05:27 PM CST   1 of 5

# U.S. District Court
## Western District of Louisiana (Alexandria)
### CIVIL DOCKET FOR CASE #: 1:08-cv-01167-DDD-JDK

Thomas vs. Winnfield et al
Assigned to: Chief Judge Dee D Drell
Referred to: Magistrate Judge James D Kirk
Cause: 42:1983 Civil Rights Act

**Plaintiff**

Latrina D Thomas
*Tutrix*
*on behalf of*
Ka'Dary Da'Shun Thomas

Date Filed: 08/11/2008
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

represented by **Carol D Powell-Lexing**
1900 Lamy Ln Ste J
Monroe, LA 71201
318-324-0700
Fax: 318-324-0702
Email: legaldove2@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin B Watson**
Steptoe & Johnson (DC)
1330 Connecticut Ave N W
Washington, DC 20036
202-429-6751
Fax: 202-429-3902
Email: bwatson@steptoe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles L Kincade**
One Wood St
Monroe, LA 71201
318-388-4205
Fax: 318-324-0877
Email: ckincadelaw@yahoo.com
*ATTORNEY TO BE NOTICED*

**Darrell K Hickman**
P O Box 48
Alexandria, LA 71309
318-730-2403
Fax: 318-787-6561
Email: heavyd1777@yahoo.com
*ATTORNEY TO BE NOTICED*

**Faith Simmons Johnson**
Faith Johnson & Assoc
5201 N O'Connor Blvd Ste 500
Irving, TX 75039
972-401-3100
Fax: 974-401-3105
Email: fjassociates@att.net
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Louis Granderson Scott**
Law Office of Louis G Scott
510 Pine St
Monroe, LA 71201
318-323-6107
Fax: 318-387-9576
Email: scotttendal@bellsouth.net
*ATTORNEY TO BE NOTICED*

UNITED STATES POSTAL SERVICE

THIBODAUX LA 710
22 DEC '13
PM 1 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box®

Faircloth, Melton + Keiser, LLC
Attn: Matt Nowlin
105 Yorktown Drive
Alexandria, LA 71303

3307

**SENDER: COMPLETE THIS SECTION**

☐ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
☐ Print your name and address on the reverse
  so that we can return the card to you.
☐ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Ms. Carol D. Powell Lexing
Law Office of Carol D. Powell
                    Lexing
1900 Lamy Lane, Suite J
Monroe, LA 71201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 3460 0001 1485 9078

PS Form 3811, July 2013   Domestic Return Receipt

Case 1:08-cv-01167-DDD-JDK  Document 308-6   Filed 12/30/14   Page 4 of 4 PageID #: 6874

Case 1:08-cv-01167-DDD-JDK   Document 320-2   Filed 02/13/15   Page 33 of 33 PageID #: 6188

English          Customer Service          USPS Mobile                                      Register / Sign In


**USPS.COM**

# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

---

Tracking Number: 7012346000114859078

## Product & Tracking Information

### Available Actions

Postal Product:                          Features:
                                         Certified Mail™

Text Updates

Email Updates

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 22, 2014 , 12:08 pm | Delivered | MONROE, LA 71201 |

Your item was delivered at 12:08 pm on December 22, 2014 in MONROE, LA 71201.

| | | |
|---|---|---|
| December 22, 2014 , 9:17 am | Notice Left | MONROE, LA 71201 |
| December 21, 2014 , 1:07 am | Departed USPS Facility | SHREVEPORT, LA 71102 |
| December 20, 2014 , 6:32 am | Arrived at USPS Facility | SHREVEPORT, LA 71102 |
| December 19, 2014 , 8:38 am | Undeliverable as Addressed | MONROE, LA 71201 |

## Track Another Package

Tracking (or receipt) number

[                                        ]          Track It

---

HELPFUL LINKS          ON ABOUT.USPS.COM          OTHER USPS SITES          LEGAL INFORMATION

Contact Us             About USPS Home            Business Customer Gateway   Privacy Policy
Site Index             Newsroom                   Postal Inspectors           Terms of Use
FAQs                   USPS Service Updates       Inspector General           FOIA
                       Forms & Publications       Postal Explorer             No FEAR Act EEO Data
                       Government Services        National Postal Museum
                       Careers                    Resources for Developers

Copyright © 2014 USPS. All Rights Reserved.